UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHARIF WHITTY,

Plaintiff,

-against-

DANIEL F. MARTUSCELLO III,
Commissioner of DOCCS, et al.,

Defendants.

7:26-CV-4435 (JGLC)

ORDER OF SERVICE

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff Sharif Whitty, who is currently incarcerated in the Wende Correctional Facility ("Wende"), brings this *pro se* action under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act of 1990 ("ADA"), seeking unspecified relief. He sues: (1) Daniel F. Martuscello III, the Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS"); (2) Besty Smith, the Superintendent of the Woodbourne Correctional Facility ("Woodbourne"); (3) A. LaForge, a Woodbourne Offender Rehabilitation Counselor; (4) C. Iral, a Woodbourne Deputy Superintendent of Programs; and (5) Woodbourne Deputy Superintendent of Programs Glebocki.

The Court construes the complaint as asserting claims of federal constitutional violations under Section 1983 against the individual Defendants, as well as claims of disability discrimination against the State of New York (and/or against the individual Defendants in their official capacities) under Title II of the ADA and the Rehabilitation Act of 1973 ("RA"). In addition, the Court construes the complaint as asserting claims of disability discrimination under the New York State Human Rights Law.

By order dated June 3, 2026, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court adds the State of New York as a Defendant in this action, under Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"). The Court directs service on all of the Defendants, including the State of New York.

## DISCUSSION

### A. The State of New York

Under Rule 21, the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Marrero, D.J.) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). "In *pro se* actions, courts can and have, under Rule 21, . . . add[ed] the proper institutional defendant." *Hayes v. Westchester Med. Ctr.*, 7:25-CV-10273 (NSR), 2026 WL 412121, at *1 (S.D.N.Y. Feb. 13, 2026). This reflects the intent of Rule 21. *See Truncale v. Universal Pictures Co.*, 82 F. Supp. 576, 578 (S.D.N.Y. 1949) (Kaufman, D.J.) ("In so far as [Rule 21] relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable.").

Plaintiff does not specify the relief he seeks, but he is clear that he filed his complaint while incarcerated at Wende, after having been transferred from Woodbourne. (ECF 1, at 8.) Thus, because any injunctive relief that Plaintiff could have sought with regard to his Woodbourne incarceration has likely been mooted, and because this action involves events

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

alleged to have occurred at Woodbourne, the Court construes Plaintiff's complaint as seeking damages. To the extent that Plaintiff seeks damages under Title II of the ADA and the RA, it seems that an appropriate Defendant for such claims is the State of New York. *See Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 112 (2d Cir. 2001) (discussion in the context of Title II of the ADA); *see generally Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003) ("[A]lthough there are subtle differences between these [statutes], the standards adopted by Title II of the ADA . . . are generally the same as those required under [the RA] . . . . [U]nless one of those subtle distinctions is pertinent to a particular case, we treat claims under the two statutes identically.").

Accordingly, the Court adds the State of New York as a Defendant in this action, under Rule 21. The addition of the State of New York as a Defendant in this action is without prejudice to any defenses that the State of New York may assert in this action.

**B. Service on the Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the assistance of the court and the United States Marshals Service ("USMS") to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)") generally requires that a summons and the complaint be served within 90 days of the date that the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on the Defendants until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date that the summonses for the Defendants are issued. If the summonses and the complaint are not served on the Defendants within 90 days from the date that the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the Defendants (the State of New York, Martuscello, Smith, LaForge, Iral, and Glebokci) through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each Defendant (the State of New York, Martuscello, Smith, LaForge, Iral, and Glebokci). The Clerk of Court is further instructed to issue a summons for each Defendant and to deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the complaint on each Defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if he fails to do so.

### C. City Bar Justice Center

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to assist Plaintiff with amending his complaint. The Clinic is run by a private organization called the City Bar Justice Center ("CBJC"); it is not part of, or run by, the court. An informational flyer and a limited scope legal assistance retainer agreement are attached to this order.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to add the State of New York as a Defendant. *See* Fed. R. Civ. 21.

The Court further directs the Clerk of Court issue a summons for each Defendant (the State of New York, Martuscello, Smith, LaForge, Iral, and Glebokci), complete a USM-285 form with the service address for each Defendant (the State of New York, Martuscello, Smith,

LaForge, Iral, and Glebokci), and deliver all documents necessary to effect service of a summons and the complaint on each of the Defendants to the USMS.

SO ORDERED.

Dated: July 27, 2026
White Plains, New York

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge

## SERVICE ADDRESS FOR EACH DEFENDANT

1. State of New York
   Office of the New York State Attorney General
   28 Liberty Street, 16th Floor
   New York, New York 10005

2. Daniel F. Martuscello III, Commissioner
   New York State Department of Corrections and Community Supervision
   Harriman State Campus
   1220 Washington Avenue, Bldg. 4
   Albany, New York 12226

3. Betsy Smith, Superintendent
   Woodbourne Correctional Facility
   99 Prison Road
   P.O. Box 1000
   Woodbourne, New York 12788-1000

4. A. LaForge, Offender Rehabilitation Counselor
   Woodbourne Correctional Facility
   99 Prison Road
   P.O. Box 1000
   Woodbourne, New York 12788-1000

5. C. Iral, Deputy Superintendent
   Woodbourne Correctional Facility
   99 Prison Road
   P.O. Box 1000
   Woodbourne, New York 12788-1000

6. Deputy Superintendent Glebocki
   Woodbourne Correctional Facility
   99 Prison Road
   P.O. Box 1000
   Woodbourne, New York 12788-1000

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT

in the Southern District of New York (SDNY)

CITY BAR JUSTICE CENTER

## HOW TO ACCESS OUR SERVICES

For assistance, please reach out to us via mail at:

**Thurgood Marshall Federal Courthouse**
**CBJC Pro Se Legal Assistance Project**
**40 Foley Sq LL22**
**New York, NY 10007.**

Upon receipt of your letter, we will follow up with application materials.

## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project provides limited assistance to self- represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

This project **assists incarcerated litigants** on a variety of federal legal issues, including 1983 matters, civil rights cases, and others.

## HOW WE HELP

Fed Pro provides limited assistance through full-time attorneys, legal support team members, pro bono (volunteer) attorneys, law school/college interns, and a social work team. **While we cannot provide full representation,** Fed Pro can assist individuals by providing limited-scope services such as:

- **Counseling** about potential federal claims prior to filing suit
- **Interpreting and explaining** federal law and procedure
- **Reviewing drafted pleadings** and correspondence with the Court
- Consulting on **discovery** matters
- Assisting with the **settlement** process (including mediation)

**CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

## LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

This agreement explains the terms of the limited legal assistance that the City Bar Justice Center ("CBJC") has agreed to perform for you through its Federal Pro Se Legal Assistance Projects ("Projects"). Writing your name at the end demonstrates your agreement to the terms herein.

### I. LIMITS OF ASSISTANCE

The Projects agree to provide only limited scope legal assistance in connection with your matter. This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. CBJC is not your attorney of record in this matter. In the event that you are or become a party to a case in the Eastern District of New York or the Southern District of New York or any other forum, CBJC will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. CBJC has no obligation to enter into any such agreement.
- CBJC has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.
- This retainer covers this consultation only. CBJC can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.
- CBJC has not agreed to represent or assist you on any other matter in the future. If CBJC does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.
- You may request but are not guaranteed subsequent appointments. CBJC will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that CBJC has sole discretion to decide whether it will provide any additional future consultations.
- You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment at the Projects in the Eastern District or the Southern District.

## II. FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

CBJC does not charge for this assistance. You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility. CBJC's assistance does not guarantee success or any particular outcome but that CBJC will provide competent assistance.

## III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving CBJC's limited scope assistance at any time. CBJC may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If CBJC chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

## IV. COSTS OF LITIGATION

Filing a lawsuit or defending against a case when you are sued can involve costs. You are responsible for all costs, including filing fees. The CBJC will not pay for any costs associated with your case. The Court may allow you to proceed without paying filing fees (this is called "proceeding in *forma pauperis*"). Whether you are allowed to proceed in *forma pauperis* is entirely up to the Court.

## V. CONFIDENTIALITY

CBJC will take all reasonable steps to maintain any information you provide as confidential.

## VI. REVIEW AND CONSENT

If you have questions or concerns, please leave a voicemail for the Project at (212) 382-4794, and someone will call you back to discuss this agreement.

By signing and writing today's date below, you indicate that you: have had an opportunity to discuss this agreement with CBJC or another Attorney of your choice; have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

____________________________________ ____________________

Signature Date

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**

**CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

Name: ______________________________ Date of Birth: __________________________

Facility: ______________________________ Identification #_________________________

**How did you hear about our clinic? (circle one)**

| | | |
|---|---|---|
| Pro Se Intake Office | Website | Conference/Hearing with the Judge |
| Pro Se Information Package | Friend/Family | Order/Letter from the Judge |

Other: ____________________________________________________________

**Do you already have an open case with the federal court? (circle one)** Yes No

**If yes, what is your case number?** ________________________________________

**If yes, which courthouse is it in? (circle one)** Manhattan White Plains

**Ethnicity? (circle one)**

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| Black | Middle Eastern | Decline to answer |
| African | Caribbean | Other:________________ |
| Native American | South Asian | |

**Gender?** ____________________________________________________

**Education level? (circle one)**

| | | |
|---|---|---|
| 8th grade or less | GED | 2-4 years of college/vocational school |
| Some high school | College graduate | Decline to answer |
| High school graduate | Graduate degree | |

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**

**CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

**Immigration status? (circle one)**

| | | |
|---|---|---|
| U.S. citizen (born in U.S.) | Naturalized U.S. citizen (Born in:_______________) | Legal Permanent Resident |
| No lawful status | Decline to answer | Other:________________ |

**Marital status? (circle one)**

| | |
|---|---|
| Single | Married |
| Divorced | Separated |
| Widowed | Decline to answer |

**Do you have a disability? (circle all that apply)**

| | | |
|---|---|---|
| No | Mental health | Vision |
| Hearing | Mobility | Memory |
| Homebound | Decline to answer | Other:________________ |

**What is your primary language?** ________________________________________

**LGBTQ+? (circle one)** Yes No Decline to answer

**Veterans?** ____________________________________________

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**